No. 14,158.

A. J. PIRDY, HUSBAND, vs. FLORINDA PHELPS, WIFE.

SYLLABUS.

Where, in a suit for divorce, it appears that the evidence offered on behalf of the plaintiff, when considered in connection with that offered by the defendant, is insufficient to entitle the plaintiff to the relief prayed for, and would still be insufficient even though certain evidence, offered on the trial to impeach one of the witnesses who testified for the defendant, had not been excluded, it would serve no useful purpose to remand the case, and the judgment rejecting the plaintiff's demands will be affirmed.

APPEAL from the Civil District Court, Parish of Orleans— King, J.

---

Dennis M. Sholars, Boatner, Dodds & Boatner, and Gabriel Fernandez, for plaintiff, appellant.

---

Horace E. Upton and John R. Upton, for defendant, appellee.

The opinion of the court was delivered by

MONROE, J. Plaintiff alleges that he was married to the defendant in 1888, that he separated from her in 1897 because he discovered that she was maintaining illicit relations with another man, and that she has since been living in concubinage and adultery with other men and particularly with an individual whom he names, and with whom, as he alleges, she lived in adultery during the years 1899 and 1900. He further alleges that there were two children born of the marriage, whom his wife is without means to support and, therefore, and by reason of her manner of life and dissolute conduct, is unfit to have charge of. And he prays for judgment decreeing a divorce and awarding him the custody of the children. The defendant admits the marriage and the birth and existence of the children and alleges that she has maintained them since their abandonment by their father, in 1897, and is now sending them to school and providing for them as best she can. She denies the charges which plaintiff makes against her and prays for judgment rejecting his demands. There was judgment in the district court in favor of the defendant, and the plaintiff has appealed. It does not appear from the record that the plaintiff offered any evidence to prove that his wife had misbehaved up to the time that he left her or that she has, since then, lived in concubinage or led a dissolute life, as alleged in the petition. Nor does it appear that since he abandoned them, he has contributed anything towards the support of his children, or in any way concerned himself about them. On the other hand, it is shown, without attempt at contradiction, that the defendant, since that time, has lived with her mother and sisters, and has supported herself and children by working as a domestic servant, and there are several witnesses who testify that she has conducted herself with propriety. On the trial, the plaintiff undertook to prove a specific act of adultery, said to have been committed by the defendant, in 1898, in the house where she was living with her mother and sisters; and the testimony relied on is that of a single witness, who claims to have been visiting a sister of the defendant's and to have obtained his information by peeping through the blinds into one of the rooms. The character and credibility of this witness are, however, attacked and his evidence discredited by the defendant's sisters and he is contradicted by the man whom he attempts to implicate. Beyond this, the same witness, as also the wife of the man above referred to, testify as to certain state-

ments, or admissions, said to have been made by the latter, out of the presence of the defendant, and the witness last mentioned gives some testimony as to a conversation between the defendant and another person in which the name of her (the witness') husband had been mentioned.

The charges made in the petition should, if true, be easily proved. Instead of attempting to prove them, the plaintiff, no objection being made, offered evidence as to a specific fact, which he had not alleged or referred to in his petition. That evidence, consisting of the uncorroborated and contradicted testimony of a witness whose character is impeached, not only by other witnesses but by the very testimony that he, himself, gives, is insufficient for the purpose for which it was offered, and is not materially strengthened by the testimony, given by the wife of the man said to have been implicated as to the latter's admissions, not with regard to the particular act in question, but as to his general relations with the defendant. It is said that certain testimony offered on behalf of the plaintiff to impeach the testimony of the man last above mentioned, who denies the act and the admissions charged against him, was improperly excluded, and that his testimony, in view of the position in which he was placed, was not to be relied on. The correctness and force of this view may be conceded, but the testimony upon which the plaintiff relies is insufficient, without that particular contradiction, to make out a case entitling him to the relief prayed for. It would therefore subserve no useful purpose to remand the case. And the judgment appealed from is, accordingly, affirmed.